# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES O'CONNELL,

        Plaintiff,

v.                                              Case No. 15-CV-1342

BAYVIEW LOAN SERVICING, LLC,

        Defendant.

## DECISION AND ORDER

### I. Facts and Procedural History

James O'Connell filed the present action as a proposed class action on November 10, 2015, alleging that Bayview Loan Servicing, LLC violated the Fair Debt Collection Practices Act (FDCPA). (ECF No. 1.) According to the complaint, O'Connell defaulted on a mortgage loan and the holder of that loan foreclosed upon the property. (ECF No. 1, ¶¶ 7-12.) The mortgagee waived any deficiency judgment and the redemption period expired on October 27, 2015. (ECF No. 1, ¶¶ 13-15.) On that day, Bayview took over servicing the loan. (ECF No. 1-1 at 3.) On November 3, 2015 Bayview mailed O'Connell certain documents that O'Connell contends were communications in connection with the collection of a debt. (ECF No. 1-1.) O'Connell contends that Bayview violated the

FDCPA when it failed to timely provide him with certain information required by the FDCPA.

Bayview moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 12, 13.) O'Connell responded (ECF No. 14) and Bayview replied (ECF No. 15). All parties consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 8.) Bayview's motion to dismiss is now ready for resolution.

## II. Motion to Dismiss Standard

"To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bonnstetter v. City of Chi.*, 811 F.3d 969, ___, 2016 U.S. App. LEXIS 1795, 7 (7th Cir. Feb. 3, 2016) (quoting Fed. R. Civ. P. 8(a)(2)). "A pleader's responsibility is to state a claim for relief that is plausible on its face." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Id.*

## III. Analysis

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall" provide the consumer with a written notice stating the amount of the debt, the name of the creditor, that the consumer has 30 days to dispute the debt, the consumer's right to demand verification

2

of the debt, and the consumer's right to learn the identity of the original creditor. 15 U.S.C. § 1692g(a). The complaint alleges that Bayview failed to provide this required information after its initial communication with O'Connell dated November 3, 2015.

Bayview contends that it was not required to provide the information set forth in 15 U.S.C. § 1692g(a) because the letter it sent to O'Connell was not an "initial communication with a consumer in connection with the collection of any debt." Rather, it was a "hello letter" sent to comply with the servicing transfer notification requirements of the Real Estate Settlement Procedures Act (RESPA), *see* 12 U.S.C. § 2605.

The text of 15 U.S.C. § 1692g(a) makes clear that the communication need not itself be an attempt to collect a debt but rather need only be "in connection with" an attempt to collect a debt. *See Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). But not every communication from a debt collector to a consumer is a "communication with a consumer in connection with the collection of any debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010). Although there is no bright-line rule for determining when a communication is made in connection with the collection of a debt so as to come within the scope of the FDCPA, the Court of Appeals for the Seventh Circuit has identified three factors relevant to making that determination: (1) whether the communication demanded payment; (2) the nature of the parties' relationship; and (3) the objective purpose and context of the

3

communication. *Id.* at 385. "[W]hether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Id.* at 386 (quoting *Ruth v. Triumph Partnerships*, 577 F.3d 790, 798 (7th Cir. 2009)).

The correspondence at issue here was attached to the complaint. As such, the court may consider it in assessing the sufficiency of the complaint for purposes of a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 10(c). The arguments that O'Connell presents in response to the motion to dismiss focus exclusively on the two page letter contained within Exhibit A to the complaint. (ECF No. 1-1 at 3-4.) Thus, this court's analysis is similarly limited to whether that letter was a communication in connection with an attempt to collect a debt.

The letter, addressed, "Dear Customer," states that "Bayview Loan Servicing, LLC would like to take this opportunity to say 'welcome.'" (ECF No. 1-1 at 3.) It proceeds to state that the loan that had been serviced by Wells Fargo Home Mortgage was transferred to Bayview as of October 27, 2015. (ECF No. 1-1 at 3.) The letter then states, "Bayview Loan Servicing, LLC will start accepting mortgage payments on 10/27/2015. As of that date, all payments and correspondence should be addressed to Bayview Loan Servicing, LLC." (ECF No. 1-1 at 3.) The second page of the letter provides various other information, including the availability of "Automatic Pay, Pay by Phone, and other fee-based payment options," and states, "We may report information about your account to credit bureaus. Late payments, missed payments, or other

4

defaults on your account may be reflected in your credit report." (ECF No. 1-1 at 4.) With respect to payments, the letter states, "Should you not receive a billing statement prior to the due date, please mail your payment without the coupon to the address above (be sure to write the new loan number on the check)." (ECF No. 1-1 at 4.) The letter also notes, "This transfer does not affect the status of any pending Bankruptcy, or Foreclosure proceedings." (ECF No. 1-1 at 3.) Finally, the letter concludes:

> Bayview Loan Servicing, LLC, is a debt collector. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay in bankruptcy this notice is for information purposes only and does not constitute a demand of payment or any attempt to collect such obligation.

(ECF No. 1-1 at 4.)

For starters, the fact that the letter closed with the disclaimer, "This letter is an attempt to collect a debt," does not automatically mean that it was a communication "in connection with the collection of any debt" under 15 U.S.C. § 1692g. *Gburek*, 614 F.3d at 386, fn.3 (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998)); *see also Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. 2010) (stating "the inclusion of the FDCPA notice is legally irrelevant"); *Shelley v. Ocwen Loan Servicing, LLC*, No. 1:13-CV-506-RLY-DKL, 2013 WL 4584649, at 5 (S.D. Ind. Aug. 28, 2013) (citing cases).

At least two district courts within the Seventh Circuit have addressed the question of whether a RESPA servicing transfer notification letter was a communication in connection with the collection of a debt for the purposes of the FDCPA. A third

5

district court addressed the issue, *Cigler v. Ocwen Loan Servicing LLC*, No. 2:13-CV-00354 JVB, 2014 WL 1908435 (N.D. Ind. May 9, 2014), but subsequently vacated its relevant decision to "facilitate settlement between the parties," *Cigler v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-354, 2014 WL 8024839, 1 (N.D. Ind. July 9, 2014).

In *Thompson v. BAC Home Loans Servicing, L.P.*, No. 2:09-CV-311-TS, 2010 WL 1286747 (N.D. Ind. Mar. 26, 2010), decided before *Gburek*, the plaintiff alleged that the new servicer of his defaulted mortgage loan violated the FDCPA when it did not send him a validation notice within five days of the RESPA servicing change notification. Relying upon *Ruth v. Triumph Partnerships*, 577 F.3d 790, 798 (7th Cir. 2009), the court concluded that simply because the notice was sent pursuant to a separate statutory obligation did not automatically mean that the communication was outside the scope of the FDCPA. *Thompson*, 2010 WL 1286747, 3. Having said that, the court noted that the notice did not indicate the status of the home loan (i.e., whether it was in default) or demand payment pursuant to a default. *Id.* at 4. Rather, similar to *Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384, 387 (7th Cir. 1998), the notice merely indicated the amount due for the next regular payment and provided details as to how to make a payment. *Thompson*, 2010 WL 1286747, 4. The court concluded, "Although ensuring payment of the debt cannot be denied as the Defendant's ultimate goal, the Notice itself did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form." *Id.* Thus, the court held that the plaintiff failed to state a

claim upon which relief could be granted and granted the defendant's motion to dismiss pursuant to Rule 12(b)(6). *Id.*

In a case factually and procedurally similar to the present case, *Shelley v. Ocwen Loan Servicing*, LLC, No. 1:13-CV-506-RLY-DKL, 2013 WL 4584649 (S.D. Ind. Aug. 28, 2013), the court relied upon *Thompson* and discussed the *Gburek* factors in detail to likewise find that a RESPA servicing transfer notification was not a communication made in connection with the collection of a debt. *Id.* at 3-7. With regard to the first *Gburek* factor, even though the letter stated that a payment was due nearly 17 months before, it did not demand payment, never mentioning the amount owed. *Id.* at 5-6. With regard to the second *Gburek* factor, the court found that the content of the notice, addressing how the relationship between the parties would be handled in the future and giving no indication that it was intervening due to prior circumstances (e.g., that it was intervening to address the plaintiff's default), made clear that the letter merely introduced the defendant as the plaintiffs' new loan servicer. *Id.* at 6. As such, the nature of the parties' relationship weighed in favor of finding that the letter was not a communication in connection with the collection of a debt. *Id.* Finally, regarding the third *Gburek* factor, the court found that the purpose and context of the communication was clearly simply to comply with RESPA and inform the plaintiffs of the status of the account, indicating that the letter was not a communication in connection with the collection of a debt. *Id.* at 6-7. The court distinguished *Gburek* on the basis that *Gburek*

7

offered foreclosure alternatives and to that end sought financial information. The letter in *Shelley* "neither mentioned foreclosure or delinquency of the debt, nor discussed any repayment options for the debt." *Id.* at 7. Consequently, the court granted the defendant's motion to dismiss the relevant counts of the complaint. *Id.*

Although the letter from Bayview (ECF No. 1-1 at 3-4) provides details as to how to make a payment, it does not demand payment or indicate the amount of any such payment or the balance of a loan. "[I]t is axiomatic that for a demand of money to be made, the recipient of the demand must be informed what amount is owed." *Shelley*, 2013 WL 4584649, 6. Bayview providing information as to how a customer may establish automatic payments or otherwise make payments is materially different from *Gburek*'s solicitation of financial information to assess eligibility for a loan modification. Bayview's letter is prospective only, indicating merely to whom payments may be sent, with no reference to the status of the account or any "mention of default, delinquency, or foreclosure." *See Thompson*, 2010 WL 1286747, 4 (discussing *Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384, 387 (7th Cir.1998)).

The relationship between the parties is that of mortgagor and loan servicer. While Bayview was also a debt collector, the letter was not sent in that role. This is not an instance where the defendant "would not have otherwise sent plaintiff[] those materials unless it was attempting to collect a debt." *See Shelley*, 2013 WL 4584649, 6 (discussing *Ruth*, 577 F.3d at 799). In fact, the absence of any prior relationship

8

underscores the purpose of the letter — to inform O'Connell that Bayview was the new servicer of the loan, as required by RESPA, and to provide him information relevant to their relationship. *See id.* As for O'Connell's argument that the fact that the foreclosure action was nearly complete and the redemption period expired indicates that this letter was sent in connection with an attempt to collect a debt (ECF No. 14 at 10), RESPA makes no distinction between loans in good standing, defaulted loans, or uncollectable loans; the RESPA change in servicer notifications are required regardless.

Finally, regarding *Gburek*'s third factor, the objective purpose of the letter is introductory and informative and related to ordinary loan servicing matters. It provides essential details consistent with RESPA to inform the mortgagor of the change in servicer. It reads like the most impersonal of form letters; nothing in it is tailored to O'Connell's personal circumstances. It lacks the demand for personal information necessary to initiate a process to assist the borrower in avoiding foreclosure that was so important in *Gburek*.

Having considered the factors set forth in *Gburek*, the court concludes, consistent with *Shelley*, that the RESPA introductory letter that Bayview sent to O'Connell after it assumed servicing O'Connell's mortgage loan was not a communication "in connection with the collection of any debt," and did not trigger notice obligations under 15 U.S.C. § 1692g(a). Bayview's motion to dismiss (ECF No. 12) will be granted. O'Connell has not requested leave to amend his complaint and the court is given no reason to believe

that the complaint's deficiencies could be remedied by amendment. Thus, this action will be dismissed.

**IT IS THEREFORE ORDERED** that the motion to dismiss filed by Bayview Loan Servicing, LLC (ECF No. 12) is granted. The complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of March, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge